| | | | |
|---|---|---|---|
| Case No. | **CV 17-5650-DMG (FFM)** | Date | August 10, 2017 |
| Title | *Brian Mudd, et al. v. Clear Recon Corp., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO VENTURA COUNTY SUPERIOR COURT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this action from Ventura County Superior Court to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. ("Removal Notice") [Doc. # 1.]

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). The removing party has the burden of demonstrating diversity. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

According to Wells Fargo, Plaintiffs Brian Mudd and Julie Mudd are citizens of California, and Wells Fargo is a citizen of South Dakota. Removal Notice at 2–4. Although Wells Fargo concedes that Defendant Clear Recon Corp. ("Clear Recon") is a citizen of California, Wells Fargo contends that Clear Recon is a fraudulently joined defendant that should be ignored for the purpose of determining diversity. Removal Notice 5–9.

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

Here, Plaintiffs allege that in the course of initiating foreclosure proceedings in connection with Plaintiffs' real property, Wells Fargo and Clear Recon failed to discharge certain duties imposed upon them by state law. Complaint ¶¶ 30–66 [Doc. 1-1]. Wells Fargo contends that Clear Recon is merely the current trustee under the deed of trust that secures the real property at issue, and that Clear Recon therefore performs solely ministerial functions (*e.g.*, the recordation of foreclosure notices). Removal Notice 5–9. Wells Fargo argues that Plaintiffs cannot seek affirmative relief from Clear Recon because, absent a showing of malice, such ministerial functions are privileged under state law. *Id.*

It is not obvious, however, from the face of the complaint that "there is no possibility that . . . [P]laintiff[s] could prevail" on their claims against Clear Recon (*e.g.*, demonstrating that Clear Recon acted with malice). *See, e.g.*, Compl. at ¶¶ 20, 25 (alleging, *inter alia*, that a Notice of Default was recorded on the real property notwithstanding the fact that Plaintiffs were still being reviewed for a loan modification). Nor is it apparent that Plaintiffs would not be afforded leave to amend to cure any purported deficiencies.

Accordingly, because it is not clear that Clear Recon was fraudulently joined, Wells Fargo is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Ventura County Superior Court for lack of subject matter jurisdiction. Wells Fargo shall file a response by no later than **August 17, 2017**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiffs shall file a reply, if any, by **August 24, 2017. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**